The document below is hereby signed.

Signed: December 09, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ANALYTICA WIRE, INC.,              )    Case No. 08-00109
                                   )    (Chapter 7)
            Debtor.                )    Not for Publication in
                                   )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO COMPEL

The debtor having withdrawn its opposition to the involuntary petition filed by Glen Schroeder and other petitioners, an order for relief has been signed granting the involuntary. As a practical matter, that moots the motion to compel filed by Schroeder with respect to discovery sought in preparation for the anticipated trial of the involuntary petition.

As to the discovery sought, there is no longer any need for discovery because the order for relief has already been granted.

Similarly, the request for a recovery of fees and expenses in pursuing the motion to compel will likely be moot because fees and expenses can be recovered by filing a motion for allowance of an administrative claim. By statute, the petitioners are

entitled to recover the actual, necessary expenses incurred in pursuing the petition. 11 U.S.C. § 503(b)(3)(A). In addition, any attorney or accountant who rendered professional services to the petitioners is entitled to recover reasonable compensation for those services. 11 U.S.C. § 503(b)(4).[1] If the involuntary petition had been dismissed, then it would make sense that Schroeder would seek the recovery of sanctions from the debtor (as he would not have the right to pursue them as an administrative claim). But now that the involuntary petition has been granted, and Schroeder has the right to pursue fees and expenses as an administrative claim against the debtor's assets that become property of the estate, there does not appear to be a practical reason for him to pursue recovery instead from the debtor.

Theoretically the debtor could continue its existence after the bankruptcy case is concluded, and fees and expenses recoverable as sanctions, if not paid from the bankruptcy estate because there are insufficient assets, could be recovered from the debtor, but only in two unlikely scenarios: (1) if the debtor were to ever acquire assets after the case is concluded, or (2)

---

[1] Such fees and expenses would appear to be recoverable even if they would not have been imposed against the debtor as a sanction under Fed. R. Civ. P. 37 for failing to comply with discovery obligations (for example, because circumstances made the failure substantially justifiable or other circumstances make an award of expenses unjust).

if scheduled but unadministered assets were abandoned.[2]  As a practical matter, neither of those scenarios is likely to occur. Moreover, the need to pursue the debtor outside of the bankruptcy case will no longer exist if the fees and expenses are paid within the bankruptcy case.  Unless Schroeder signifies a desire nevertheless to pursue a recovery from the debtor (as opposed to the bankruptcy estate), I will assume that he is content to pursue recovery of his fees and expenses from the debtor's assets comprising the bankruptcy estate by way of filing a motion for allowance of an administrative claim.

It is accordingly

ORDERED that the motion to compel filed by Glen Schroeder is dismissed without prejudice to the request for fees and expenses that were incurred in pursuing the motion to compel being renewed in the event that Schroeder, despite the right to pursue fees and expenses as an administrative expense recoverable from the assets of the estate, states a desire to pursue recovery of his fees and expenses from the debtor (as opposed to looking only to the bankruptcy estate).

                                        [Signed and dated above.]

---

[2]  Unscheduled assets not administered in the case would remain property of the estate, 11 U.S.C. § 554(d), and collection from them would be barred by the automatic stay of 11 U.S.C. § 362(a) absent a lifting of that stay.

3

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Glen Schroeder; Richard Fletcher; Alexander Segal; Catherine Musinsky.